Thank you, sir. And I don't think this one will take terribly long. I have said about all I plan to say on the issue of the failure of the government to list, I believe his name was Sean Ewell, as a witness on their witness list. I've really, unless the court has questions on that, I've really, really said everything I care to say on that in my two briefs, as well as the issue of the remoteness in time of the 404B cases. I will rely there, unless the court has questions on my argument in the briefs on the Briley decision, the case of Pender out at the Marina in Alexandria. And the reason I'm going to rely on what I've said in the briefs there and not go any further, unless the court wants me to, is, frankly, the government's position on harmless error, I think, is well taken here. This is not a I have to in candor agree with the government that there is enormous evidence of guilt in this case. What we're asking for is a re-sentencing, based upon that perjury enhancement. And that's the only issue, again, unless the court directs me otherwise, that's the only issue I really want to speak to this morning. I can't tell you, begin to tell you how excited I was on Friday, February the 13th, 2015, when I learned that the probation officer writing the pre-sentence report fully agreed with my argument, in my ten-page brief in that case, against the obstruction of justice enhancement because of Smith advising the police officers in New Bern that he had packed his backpack into the woods and provided false information to the police officers. And that, of course, was in the initial draft of the pre-sentence report that was circulated to both sides. That was the enhancement for obstruction of justice. That was the basis for it. Perjury was not mentioned. So I then addressed that and put in a fair amount of by the probation officer that, you're right, I agree with you. And then the penny dropped. And I should have known because it was Friday the 13th. Then for the very first time in the second, in the revised pre-sentence report, the underlying premise changed. The underlying premise for the two-level enhancement for obstruction of justice changed. And we were told that it was because Eric Smith had committed perjury in his testimony, in his own defense, at the trial in Greenville. And again, that was the very first time perjury had come up. Now that's why I raised the rhetorical question in my initial brief, when was it discovered that he'd perjured himself? It hadn't come to light as of January 5th when the first edition of the pre-sentence report hit the streets. Well, let's say this. It's in front of us now, so why don't you talk about the enhancement as it was given? Well, to me it's a cheap... Or do you want to rest on you didn't have notice of it? Or do you want to talk about the substance of the enhancement? I want to talk about the substance of it. To me it's a cheap way to convict somebody of perjury. Well, that's your editorial comment on it, but Judge Keenan. Yeah. Doesn't your argument, counsel, really boil down to the fact that you're saying that there's no evidence of the willfulness element necessary for the enhancement? Yes. I mean, in sum and substance, that's your argument. Is that correct? In sum and substance, that is my argument. And I think there are cases on both sides. So this is a case, in a way, it's an easy case for the court. You can go either way on it and have cases to support you. Truly. There are cases absolutely on both sides. But look at Dr. John... There's also a case from the Supreme Court that kind of puts some of it to rest, doesn't it? Dunnegan? Yes. The Dunnegan case? Yes. And that really defines perjury for us. But look at Dr. John Canova's testimony in his own defense in the case in Connecticut. And is that any worse than what Eric Smith said? Well, let's just go to this case in light of what the law is. What do you think, what is the error that the court committed here? I think I know what you claim it is, but let's talk about that. I think it's intent, I think it's, there are three elements to perjury. You think it was a failure, you think it was a failure to specifically mention, the judge to specifically, explicitly mention intent to deceive? Yeah, I do. I think that's, I think that's in large part what we're talking about here. Let me answer this, Mr. Craven. When it was called to the court's attention that he needed to make rulings on two subjects, and in effect presented to him, and he doesn't say anything to the contrary, but does make a, you know, one specific ruling, why can't we infer from that that he's made aware of the issue, he knows he needs to make a finding, and that he sees no problem? I think you can infer that. I don't know that you have to. Is that one way out that the But wait, but wait a second, in response to that, if the law's clearly argued to him, placed in front of him, and he then rules to say otherwise, doesn't that presume he is ruling to violate the law? I mean, he has the law in front of him. By the way, isn't it likely this, let's just talk about what likely happened if that's sufficient. He testified on a matter that the court found to be false, the court found to be material, and the court knows it has to do with the purpose to deceive. It's being discussed in front of him. Why else would anybody, isn't that intent to deceive obvious? Why else would somebody testify falsely on a material matter without the intent to deceive? Well, maybe we need to get the categorical approach into this case, too. Yeah, I hope not, but you might want to. But it just doesn't seem to make much sense to me that the court, knowing you have to have materiality, in my experience, and maybe in yours, perjury and perjury enhancements almost always turn on materiality. And so when the government argues to the judge here, well, judge, you've got to find it cautious material. He's violated and he gets the enhancement. It seems to me, isn't that really implicit and clear that the intent to deceive is there? Well, that's the same question Judge Traxler asked a few minutes ago, and the answer, I think, is yes, you can infer that. Do you have to? No. But then I'm responding to you, but if you don't infer that, then you presume that the judge, with the law being in the court's face, purposefully didn't follow the law. Well, I don't know that I could go that far with my friend Judge Howard. Then it would be what? It would just be a mistake? Knowing the law right in front of him, he just forgot in half a second? I mean, if you don't, you said that's an inference you can give, and I'm not arguing with you so much, I'm trying to understand, what other inference would you give it? Perhaps that the court, the district court, did not adequately consider the necessity for that third element of specific intent to deceive. That may be one, that's one possible way you could look at this. By the way, and if you are correct, would you then be satisfied on this point, if the case were to go back, and the judge to go, ditto on everything I did, and he did have the intent to deceive. That would be sufficient? Well, it would, that's one possible outcome. No, I'm asking, would that be sufficient on this point, for the court just to go, everything I said before, ditto, and he had the intent to deceive, end of sentencing. That would be sufficient, wouldn't it? Yes, I think that would have been sufficient, had that been what happened. Or if it were to happen on remand is what I'm asking you. On this issue, if we were to vacate, and it goes back on remand, if the court just said, I adopt everything I agreed, and I just add the following sentence, he had the intent to deceive. Well, of course, I'd rather cross that bridge if and when we come to it. I know you would, but I'm asking now, if that happened, wouldn't that resolve your issue on the intent to deceive? I don't know if it would or not. I have to agree it would come close. Okay, thank you. I agree it would come close. Of course, what I want is a remand for resentencing and get that perjury enhancement knocked out altogether. Because of the cases I've cited, the three good cases here that I would hope the court would rely on. But I can't deny that there are other cases as well on the side of the government. This is one where the court can't lose. Thank you, Your Honor. No, go ahead. No, I'll say this court can't lose. Maybe the district court might lose, I guess. Well, that's right. But this court can't. Well, that's true. That's true. And it was not my idea, by the way, to put Mr. Smith on the stand. He should have listened to his lawyer, maybe. Nor to go to trial, for that matter. I didn't say that. I appreciate your honesty. Barbara Caper, Your Honors, on behalf of the government. To that, I would note that the record indicates that Judge Howard did warn, before the defendant took the stand, of the possibility of a perjury enhancement. I just wanted to very briefly just respond to Judge Howard's possible intention at the time of sentencing, directing the court's attention to Joint Appendix, page 533, moving you back in time just a few moments before the government attorney reminded the judge of the law, looking at the way the judge had found perjury to exist. And that is, he informed the parties that he went back to the notes he had made at the actual trial. And I find at the time the defendant takes the stand, and under examination, the judge goes on to say, I don't have an actual transcript. But the basic questions was that he stated he'd never dealt marijuana. And then the answer, the transcript does say, in fact, the defendant's answer is no, sir, as presented in the court's notes. And then he, the defendant, specifically testified that he had never dealt marijuana on September 8th or November 4th. And the judge goes on to say, and I had actually written on that date, that is to say, during the trial, which was some months ago from sentencing, that the defendant appeared to be untruthful. Your Honors, I represent to you that that is the judge's finding as to the fact that this was not mistake, it was not confusion, it was not faulty memory. The judge noted at the time of the defendant's testimony that he was untruthful. The judge didn't believe his testimony. But does that answer the question about willfulness? Yes, sir. I believe that the law is such that that intent and willfulness is considered in tandem with those. If it's not intentional, then it's one of those other things. It would be mistake or confusion or faulty memory. And by the judge specifically noting in his own notes during the pendency of the trial that the witness appeared to be untruthful, I do believe that that goes to intent, the fact that it was willful, the absence of mistake or those other things. Well, then why do we have willfulness as an element separate from falsity, from false testimony? Your Honor, it goes to my, because a statement can be incorrect through mistake or faulty memory or confusion and it still be incorrect. But the judge's comments, the judge's note to himself wasn't that the defendant appeared to be mistaken. It appeared to the judge that he was lying. And lying is willful. Okay. Let me ask, Judge Shade, did you have a follow-up question? I'm going to say I'm not sure that's exactly right. You could make, you could make a, well, but it's a different element. It's a different requirement or burden. The intent to deceive, you think the comment on truthfulness means intent to deceive? Is that your argument? I suspect, Your Honor, that what Judge Howard's notes actually said was he's lying. But for the record at the time of sentencing, he worded it more appropriately to say that he actually wrote in. Again, I focus on the judge's word actually. The judge says I actually wrote on that date that the defendant appeared to be untruthful. No, I'm looking at that and I think you better argument on that point if you want to make it. I'm not saying you should. It's when he says it's perjurious, then at that point he knows what you have to presume the judge knows what the law is. I'm not making this, but it seems to me that would be a better argument. He says it's perjurious, which in fact means he understands that it's made with all the necessary elements, not just that it was untruthful. Because I think Judge Trachsel makes a good point. Untruthful is not enough. Just untruthful is not enough. Thank you, Judge Shedd. I agree with Your Honor in that Judge Howard does go on to say that he has to find. He's compelled to find by a preponderance of the evidence that there was a perjurious statement. Judge Trachsel, I didn't know if I cut you off or not. I do want to ask another question. Go ahead. I would like for you to answer for me. Tell me what you make on this page 536 when the government lawyer goes, you want to make your finding that it concerns a material fact that it was with the intent to deceive. And the court goes, it was a material fact. That was the whole issue of the bill of the indictment. And I would so find. He doesn't talk about intent to deceive there. What are we to make of that? He does talk about materiality, but he doesn't talk about, specifically talk about intent to deceive. What are we to draw from that? I would encourage Your Honors to find that the judge believed he had already addressed the intent to deceive through his earlier statements, both that he found the defendant to be lying at the time of his testimony and that he had already made the determination that it was perjurious. Yes. Haven't we already said in previously in another United States versus Smith case that the court needs to make these findings with specificity that a reference to perjury is not sufficient? That is correct, Your Honor. Your Honor, there are also cases like the Quinn case or even the more recent Sparrow case where this court has assumed from a strong record that those findings were in fact made. For instance, a finding of materiality, although the district court did not use the word material when the falsehood related to the charged conduct, the Fourth Circuit found it to be material just as a matter of record. There was no concern over whether the judge had specifically made that statement or not, and I believe that is the case here. Let me ask you this. First of all, I wanted to commend the government for calling to the judge's attention the fact that he had not made specific rulings on those two points. As a former district judge, well, all of us are former trial judges. Judges appreciate that. If we've overlooked something, if there's a formal requirement that needs to be met, we, of course, want to do that, and if we've overlooked it, we appreciate the parties bringing that to our attention. In this case, the government law did exactly what should have been done, which is to call the judge's attention to the fact that specific rulings, that is, two of them need to be made. The judge made one, but he did specifically make the third one, and just as a matter of observation, I know sometimes appearing before the judge is intimidating, and I know you hate to say, Judge, you're not doing everything you need to do, but it sure helps all of us and the system and saves a lot of time and a lot of money if he hadn't covered every point to repeat your request, even at the risk of incurring the judge's ire. But what we have here is the judge was told, Judge, you need to make two rulings. He made one. He didn't make the other one, and so here we are after the expenditure of a lot of time and a lot of money and effort and the possibility of more. So it's just an observation. It's not a question. You don't even have to comment on it. I just wanted to make the point. I do believe, Your Honor, that the strength of the record is such that the judge's findings is not or are not clearly erroneous, that the record does support both. Again, I turn back, Judge said, despite the comment, the fact that the judge had contemporaneously at the time of the defendant's statement recorded the fact that he appeared to be untruthful, significant to that issue on intent. As was earlier pointed out, the judge was aware of the law. He'd made the finding overall that it was a perjurious statement, and the record is, in fact, what it is. So I submit that pursuit. Following up on what Judge Traxler said, I'm going to give you a practice pointer to any lawyers in front of a judge. I would go, Your Honor, my hearing is not too good. I didn't hear you make that specific ruling on the second point or the third point. The judge will understand to go, I'm just not smart enough to understand your brilliant observations, you judges. Did you say X, Y, and Z? I think that might be helpful. Let me say this as a matter of fact. I'm going to take just a point to make a comment, tell a little story. I remember when Judge Traxler was a district judge, and I think, Judge, you might remember this. You had court, and somebody in the case filed a little handwritten paragraph or two for summary judgment. You reviewed the record, couldn't find any basis to deny summary judgment. You ruled against that person because you reviewed the record. It went to the Fourth Circuit. This is when you were a district judge, and I think four or five states' attorney generals filed amicus briefs on behalf of the party. I remember you told me, I wish they'd have filed that with me in district court before everybody came to the ballgame when it went to the circuit court. I've kept that in mind. It's a lot better to have it in front of you than to hear it later from somewhere else. By the way, probation used to tell me, Your Honor, you know, we think you made a mistake in ruling on that. They would tell me after the case went on appeal, and I'd go, why didn't you tell me before I ruled and tell me it's a lot better. And by the way, justice is a lot like government, I guess. It's better if it's done closer to where the actual decision impacts people, I think. So it's just a practice point that I point out to endorse what he said. I appreciate that. Your Honor, in regard to that issue, that's all I have. I do think the record speaks for itself in that regard. I understood counsel to agree with the government's harmless error argument as to the 404B unless there are specific questions on that issue or to the Under the law, if this case were to be remanded on the intent to deceive point and it went back, same scenario I gave Mr. Craven, if the judge said I ditto everything I said, only thing I add is this specific finding, there was an intent to deceive. Under the law, would that then be unquestionably sufficient, do you think? I do think so, yes, sir. That's all I have. All right. The government does ask for the conviction and sentence in this case to be affirmed. Thank you. All right. Thank you. Mr. Craven, reply. I'll be very, very brief. Judge Kenan mentioned the other United States against Smith case, which I assume was the one cited in my brief, my opening brief, 62F3-641, a 1995 decision of this court, an appeal from Judge Boyle here in this district. And in that case, I think that case is really remarkably similar to this one. And I would ask the court to remand this case for resentencing on the basis of what was said in the 1995 decision in the United States against Smith. That was the case where Jonathan Smith objected to the two-level enhancement for perjury. And Judge Boyle then asked the government to justify the enhancement. And the government responded by charging that Smith had perjured himself in three particulars. He denied any involvement in the offenses for which he was found guilty. He denied that he had confessed to the offenses. And he denied that the cash found at the trailer was proceeds of drug trafficking. And Judge Boyle then stated, all right, I will deny the objection. And he didn't make the Dunnegan findings, and the case was remanded by this court for resentencing, finding that Judge Boyle had not complied with the Supreme Court's directive in Dunnegan. And I think the same argument is applicable in this case, and that the case should be remanded for resentencing. You know, what's going to happen then? I don't know. I hope we get to that point. But I've really, that's all I have to say, unless the court has any other questions. I don't. Thank you, Mr. Craven. I note that you're court-appointed. We appreciate, as always, your undertaking representation of your client. Thank you, Your Honor. Nice to see all three of you. Thank you. Appreciate your participating in the video as we do the government.
judges: William B. Traxler, Dennis W. Shedd, Barbara Milano Keenan